NOT DESIGNATED FOR PUBLICATION

No. 116,346

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY L. VAUGHN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed July 21, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN, and POWELL, JJ.

LEBEN, J.: Ricky L. Vaughn appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. Vaughn suggests that the district court should have entered intermediate sanctions, such as a short jail stay followed by a return to probation, rather than send him to prison.

But the district court does not have to grant intermediate sanctions if continued probation would present a safety risk to the public. In Vaughn's case, the record supported the district court's finding that continued probation would be a safety risk.

Vaughn's underlying offense, for which he was placed on probation, was a felony auto theft. Because Vaughn's criminal-history score was an "A," the most serious of nine

levels, Kansas sentencing guidelines provided a presumptive prison sentence. The district court gave Vaughn probation, though, based on a joint recommendation of the parties. The State had agreed to that recommendation in exchange for Vaughn's guilty plea.

But Vaughn quickly showed that he would be noncompliant on probation. He failed to attend an orientation session, failed to attend the first meeting with his probation officer, failed to notify probation staff when he went to the Topeka Veterans Administration Medical Center for inpatient treatment, failed to get a drug and alcohol evaluation, and failed to take a theft-prevention class. Vaughn admitted to these violations at a hearing before the district court.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, but its provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply if the district court finds that safety of the public would be jeopardized. See K.S.A. 2016 Supp. 22-3716(c)(4).

Here, the district court made a finding that public safety would be jeopardized by placing Vaughn back on probation with an intermediate sanction. In support of its finding, the district court quoted from a letter from Dr. Matthew Masterson, a psychiatrist with the Veterans Administration Medical Center in Topeka, which had provided treatment to Vaughn. The district court cited these comments by Dr. Masterson:

> "Mr. Vaughn has had repeated admissions for threat of harm towards self and others. He demonstrates chronic behavioral issues that have resulted in homelessness and acute psychiatric admissions. He has demonstrated inappropriate and volatile behavior in emergency housing provided by the VA, and due to his disruptive behaviors is no longer able to utilize this service. In the in-patient setting he demonstrated repeated behaviors of threatening staff, self-harming

2

behaviors such as clutching windows and other destructive behavior such as yelling and slamming doors and other items. This has resulted in the VA police officers having contact with Mr. Vaughn and at least one citation issued while in the acute psychiatric setting at the Topeka VA.

"Due to Mr. Vaughn's chronic and repeated behaviors and ongoing legal issues, he is not considered a good candidate for participation in other residential or nonacute treatment programs. It is my clinical opinion that Mr. Vaughn's current issues are not due to severe mental illness such as a primary mood disorder or psychotic disorder, rather, a severe personality pathology. He likely will not be considered or accepted to nonacute treatment programs until he demonstrates appropriate behaviors and motivations for changing in the outpatient setting."

In addition to this evidence submitted at the hearing, the court also had access to Vaughn's criminal record, which showed seven previous person felony offenses between 2001 and 2009—offenses that included attempted criminal sodomy and failure to comply with the state's offender-registration requirements. Vaughn also had several battery convictions over an extended period (from 1992 to 2011). The evidence and Vaughn's record support the district court's finding that further probation would result in a safety risk to the public.

Accordingly, the district court was not required to give Vaughn another chance on probation, and we review the district court's decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Vaughn had not made even a minimal attempt to comply with his probation. Based on this failure, his past criminal record, and Dr. Masterson's report, the district court reasonably concluded that Vaughn was not amenable to probation and instead sent him on to serve his prison sentence.

Vaughn has raised a second issue on appeal—that the district court's consideration of his criminal-history score, which affected his sentence, violated his constitutional rights. But he did not timely appeal his sentence, which was imposed on May 24, 2016. Vaughn did not file a notice of appeal until July 13, 2016, well beyond the 14-day time limit. See K.S.A. 2016 Supp. 22-3608(c). Because Vaughn did not timely appeal his sentence, we lack jurisdiction to consider his constitutional claim. See *State v. Alexander*, 43 Kan. App. 2d 339, 344-45, 225 P.3d 1195 (2010).

On Vaughn's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Vaughn's probation.

The district court's judgment is therefore affirmed.